UNITED STATES DISTRICT COUR'T
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ALLISON DAWN FLICKINGER, | CASE NO. 5:20-cv-02038 |
| Plaintiff, | OPINION & ORDER [Resolving Docs. 1; 12] |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Allison Flickinger seeks judicial review of the Social Security Commissioner's final decision denying Plaintiff's application for disability insurance benefits and supplemental security income.[1]

In support of her request for review, Plaintiff Flickinger argues that substantial evidence did not support the Administrative Law Judge's finding that Plaintiff was not disabled because she had a residual functional capacity for sedentary work.[2] The Commissioner opposes.[3]

Magistrate Judge Thomas M. Parker filed a Report and Recommendation, recommending the Court affirm the Commissioner's decision and overrule Plaintiff's statement of errors.[4] Plaintiff Flickinger objects.[5] The Commissioner responds.[6]

With this decision, the Court decides whether the Social Security Administration's

---

[1] Doc. 1.
[2] Doc. 12.
[3] Doc. 13.
[4] Doc. 14. *See* Local Rule 72.2(b).
[5] Doc. 15.
[6] Doc. 16.

Case No. 5:20-cv-02038
GWIN, J.

evaluation of Plaintiff's subjective symptoms and subsequent residual functional capacity finding was "supported by substantial evidence and made pursuant to proper legal standards."[7]

For the following reasons, the Court **SUSTAINS** Plaintiff's objections, **DECLINES TO ADOPT** Magistrate Judge Parker's Report and Recommendation, **REVERSES** the Social Security Commissioner's decision, and **REMANDS** to the Social Security Administration for further proceedings.

I. Background

In April 2017, Plaintiff Flickinger applied for disability insurance benefits and supplemental security income.[8] She claims that her chronic pancreatitis disables her from employment.[9] The Social Security Administration denied Flickinger's application initially and upon reconsideration.[10]

Flickinger requested a hearing before a Social Security Administrative Law Judge ("ALJ").[11] On June 24, 2019, an ALJ conducted a hearing on Flickinger's case and found her not disabled.[12] The ALJ determined that Flickinger had the residual functional capacity to perform sedentary work with some limitations and could therefore perform a number of jobs in the national economy.[13] The Appeals Council declined to further review Flickinger's case.[14] The ALJ's decision is the Social Security Commissioner's final decision.

On September 10, 2020, Plaintiff Flickinger filed this case seeking judicial review of

---

[7] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(g).
[8] Doc. 11 at 226–27. For consistency, this opinion cites to the PDF page number of the relevant document.
[9] *Id.* at 250.
[10] *Id.* at 90–103, 120–32.
[11] *Id.* at 181–82.
[12] *Id.* at 19–30.
[13] Doc. 11 at 24–30.
[14] *Id.* at 5–7.

- 2 -

Case No. 5:20-cv-02038
GWIN, J.

the Commissioner's final decision.[15]  In her merits brief, Plaintiff asserts that insufficient evidence supported the ALJ's determination that Plaintiff kept a residual functional capacity for sedentary work.  With her argument, Plaintiff says the ALJ failed to properly analyze Plaintiff's subjective symptoms.[16]  Defendant Commissioner filed a responding merits brief arguing that the ALJ properly evaluated Plaintiff's subjective complaints pursuant to the regulations and the ALJ's residual functional capacity assessment was supported by substantial evidence.[17]

On November 16, 2021, Magistrate Judge Parker issued a Report and Recommendation, recommending the Court affirm the Commissioner's final decision denying Plaintiff's application.[18]  Magistrate Judge Parker found that the ALJ's assessment of Plaintiff's subjective symptoms followed regulations and was supported by substantial evidence.[19]

## II.   Legal Standard

The Court reviews *de novo* the objected-to portions of a Magistrate Judge's Report and Recommendation.[20]

When reviewing an ALJ's disability determination under the Social Security Act, a district court decides whether the ALJ's decision is "supported by substantial evidence and [is] made pursuant to proper legal standards."[21]  Substantial evidence is "such relevant

---

[15] Doc. 1.
[16] Doc. 12 at 11–19.
[17] Doc. 13 at 12–23.
[18] Doc. 14.
[19] *Id.* at 19–24.
[20] 28 U.S.C. § 636(b)(1).
[21] *Rogers*, 486 F.3d at 241; 42 U.S.C. § 405(g); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("[A] decision . . . will not be upheld [when] the SSA fails to follow its own regulations and [when] that error prejudices a claimant on the merits or deprives the claimant of a substantial right.").

- 3 -

Case No. 5:20-cv-02038
GWIN, J.

evidence as a reasonable mind might accept as adequate to support a conclusion."[22] It is more than a scintilla of evidence, but less than a preponderance.[23]

A district court should not try to resolve "conflicts in evidence[] or decide questions of credibility."[24] A district court may not reverse an ALJ's decision when substantial evidence supports it, even if the court would have made a different decision.[25]

### III. Discussion

Flickinger argues that substantial evidence does not support the ALJ's determination that Plaintiff can perform sedentary work because the ALJ did not properly analyze Plaintiff's subjective symptoms.[26] Specifically, Plaintiff says the ALJ did not properly evaluate her symptoms under Social Security Ruling 16-3p.

When a claimant alleges symptoms of disabling severity, the ALJ follows a two-step process for evaluating these symptoms.[27] First, the ALJ must determine if there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's symptoms.[28] If such an impairment exists, then the ALJ must next "evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [those] symptoms limit [the claimant's] capacity for work."[29]

In evaluating a claimant's alleged symptoms, the ALJ considers factors including: 1) daily activities; 2) location, duration, frequency, and intensity of pain or symptoms; 3)

---

[22] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).
[23] *Id.*
[24] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[25] *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (holding that an ALJ's decision cannot be overturned so long as the ALJ's decision was supported by substantial evidence).
[26] Doc. 12 at 11–19.
[27] *See e.g., Massey v. Comm'r of Soc. Sec.*, 409 F. App'x 917, 921 (6th Cir. 2011).
[28] *Rogers*, 486 F.3d at 247 (citing 20 C.F.R. § 416.929(a)).
[29] 20 C.F.R. § 416.929(c)(1).

Case No. 5:20-cv-02038
GWIN, J.

precipitating and aggravating factors; 4) the type, dosage, effectiveness, and side effects of any medication; 5) treatment, other than medication, to relieve pain; 6) any measures used to relieve pain; and 7) other factors concerning functional limitations and restrictions due to pain or other symptoms.[30] However, an "ALJ need not analyze all seven factors."[31]

An ALJ's evaluation of subjective symptoms is accorded great weight and deference.[32] The ALJ, and not the reviewing court, must make credibility determinations regarding the claimant's subjective complaints.[33] The ALJ's decision, however, must be rooted in the record and must contain "specific reasons for the weight given to the [claimant's] symptoms."[34] This Court is "limited to evaluating whether or not the ALJ's explanations for partially discrediting [claimant] are reasonable and supported by substantial evidence in the record."[35]

The ALJ applied the proper legal standards in evaluating Plaintiff's statements on her symptoms and limitations. The ALJ determined Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms.[36] However, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not consistent with the medical evidence and other record evidence.[37] In discounting Plaintiff's statements regarding the impact of her conditions, the ALJ considered Plaintiff's daily activities, the frequency and intensity of her symptoms, her

---

[30] 20 C.F.R. § 416.929(c)(3).
[31] *Hatcher v. Berryhill*, Case No. 1:18-cv-1123, 2019 WL 1382288, at *15 (N.D. Ohio March 27, 2019) (internal citations omitted).
[32] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).
[33] *Rogers*, 486 F.3d at 247 (internal citations omitted); *see also Jones*, 336 F.3d at 476 ("Upon review, we are to accord the ALJ's determinations of credibility great weight.").
[34] SSR 16-3p, 2017 WL 5180304, at *10 (Oct. 25, 2017); *see also Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994) ("If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so.").
[35] *Jones*, 336 F.3d at 476.
[36] Doc. 11 at 25.
[37] *Id.*

- 5 -

Case No. 5:20-cv-02038
GWIN, J.

medication, and other medical treatment she received aimed at relieving pain.[38]

Substantial evidence, however, does not support the ALJ's evaluation of Plaintiff's subjective complaints. The ALJ stated that Plaintiff "reports having an average of one to two [pancreatitis] flare-ups each year."[39] The record evidence and Plaintiff's hearing testimony, however, indicate more frequent flare-ups.[40] The ALJ's decision does not adequately address this discrepancy. Further, while the ALJ found that surgery resolved Plaintiff's left-sided back pain, the ALJ did not fully assess Plaintiff's "newer right-sided [back] pain."[41]

Because substantial evidence does not support the ALJ's evaluation of Plaintiff's subjective symptoms, this Court remands this matter to the Social Security Administration for a more complete analysis of Plaintiff's pancreatitis and her right-sided spinal impairment.

IV. Conclusion

For the foregoing reasons, the Court **SUSTAINS** Plaintiff's objections, **DECLINES TO ADOPT** Magistrate Judge Parker's Report and Recommendation, **REVERSES** the Social Security Commissioner's decision, and **REMANDS** to the Social Security Administration for further proceedings.

IT IS SO ORDERED.

Dated: March 21, 2022

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[38] *Id.* at 25–28.
[39] *Id.* at 25.
[40] *Id.* at 56–57 ("Q: And the flares last three to five days. How often do they happen? A: I would say, in a month, within 30 days, usually, it's about 13 out of those 30 days that I'm – Q: So given that they last three to five days, on average, you probably go through, maybe, three or four flares in a typical month? A: Correct. Q: And again, once they hit, you're pretty much out of commission? A: Correct."); 874–907 (pain clinic medical records indicating Flickinger reported abdominal pain during every visit from December 2017 through May 2019).
[41] Doc. 11 at 26.

- 6 -