UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| ALLISON DAWN FLICKINGER, : | CASE NO. 5:20-cv-02038 |
| Plaintiff, : | OPINION & ORDER |
| : | [Resolving Doc. 20] |
| v. : |  |
| COMMISSIONER OF SOCIAL SECURITY, : |  |
| Defendant. : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

After successfully helping Plaintiff Allison Flickinger appeal her denial of Social Security benefits, Plaintiff's counsel now seeks attorneys' fees for work performed on this case under 42 U.S.C. § 406(b).[1] Specifically, Plaintiff's counsel seeks $12,000 for work performed in this case's district court appeal.[2] That amount, combined with the $7,350.25 that Plaintiff's counsel has requested for work done in this case's administrative proceedings, is 22.6% of the past-due Social Security benefits awarded to Plaintiff.[3] The Commissioner does not oppose.[4]

Section 406(b) caps attorneys' fees at 25% of past-due Social Security benefits.[5] But that does not mean counsel automatically receives 25% of a successful plaintiff's past-due benefits. Courts must still review any fee request to make sure that it is reasonable.[6] Courts

---

[1] Doc. 20.
[2] Id.
[3] See id.; Doc. 20-3 at PageID #: 1150.
[4] Doc. 21.
[5] 42 U.S.C. § 406(b).
[6] Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

Case No. 5:20-cv-02038
GWIN, J.

presume a 25% fee to be reasonable unless (1) counsel acted improperly or ineffectively, or (2) counsel would receive an undeserved windfall for relatively minimal effort.[7]

Here, there is no evidence that counsel acted improperly or ineffectively. When she hired counsel, Plaintiff Flickinger specifically agreed to allow her counsel to seek up to 25% of her past-due benefits.[8] Counsel successfully won a remand from this Court, even after the assigned Magistrate Judge recommended affirming the Commissioner's denial.[9] And on remand, the Commissioner found Plaintiff to be disabled.[10]

Nor would $12,000 be an undeserved windfall. Under Sixth Circuit precedent, a fee that leads to a "hypothetical hourly rate . . . less than twice the standard rate for such work in the relevant market" is not a windfall.[11]

Plaintiff's counsel spent a total of 21.75 hours on the district court appeal in this case.[12] That translates into a hypothetical hourly rate of about $551.72. Courts in this district have recently found that it is reasonable to set the standard rate between $300 to $350 per hour.[13] This means a hypothetical rate of $600 to $700 per hour is reasonable. Because the hypothetical rate in this case is less than that, the Court finds that a $12,000 total fee is appropriate here.

Finally, the Court notes that an attorney receiving fees under both Section 406(b) and the Equal Access to Justice Act must refund to the client the smaller of the two fee awards.[14]

---

[7] Hayes v. Sec'y of Health & Hum. Servs., 923 F.2d 418, 420–21 (6th Cir. 1990) (citation omitted).
[8] Doc. 20-2.
[9] Doc. 17.
[10] Doc. 20-1
[11] Hayes, 923 F.2d at 422.
[12] Doc. 20 at PageID #: 1132.
[13] See, e.g., Martin v. Comm'r of Soc. Sec., No. 3:18-cv-219, 2024 WL 1209905, at *2 (N.D. Ohio Mar. 20, 2024) (standard rate of $300/hr); Chorak v. Comm'r of Soc. Sec., No. 5:18-cv-2243, 2024 WL 1611482, at *3 (N.D. Ohio Feb. 7, 2024) (standard rate of $350/hr).
[14] Easton v. Comm'r of Soc. Sec., No. 4:18-CV-2289, 2023 WL 144581, at *1 (N.D. Ohio Jan. 10, 2023) (citation omitted).

Case No. 5:20-cv-02038
GWIN, J.

Plaintiff's counsel has already agreed to refund the fee received under the Equal Access to Justice Act once the Section 406(b) fees are received.[15]

For these reasons, the Court GRANTS the motion for attorneys' fees and awards $12,000 to Plaintiff's counsel on the condition that Plaintiff's counsel refunds to Plaintiff Flickinger the $4,000 in fees that the Court awarded under the Equal Access to Justice Act.[16]

IT IS SO ORDERED.

Dated: July 29, 2024    s/    *James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[15] Doc. 20 at PageID #: 1133.
[16] See Doc. 19.